Joseph P. Imperato, J.
Petitioner moves this court for summary judgment against respondents, Ruth and Marvin Samkoff, hereinafter referred to as “ Samkoff ”.
Petitioner instituted this holdover proceeding to remove respondents Samkoff from apartment lGr, in premises known as 2830 Ocean Parkway, Brooklyn, New York, formerly occupied by Estelle Binder, now deceased.
Petitioner states that it was organized under and pursuant to the Private Housing Finance Law, and that the premises in question is operated on a co-operative basis and that all occupants of petitioner’s apartment are shareholders and who only by virtue of ownership of their shares are entitled to occupy an apartment under an occupancy agreement. That said occupancy is solely pursuant to the provisions of the by-laws of the petitioner and the Private Housing Finance Law and the rules and regulations of the New York State Commissioner of Housing and Community Renewal.
Petitioner further states that it issued a certificate representing 48 of its shares to the decedent Estelle Binder on August 20, 1969, and by reason thereof, said decedent entered possession of apartment 1G-, after entering into a possession agreement. Respondents Samkoff contend that their occupancy of said apartment was with the consent and permission of petitioner.
It is undisputed that possession of the apartment is conditioned upon the ownership of shares of petitioner; that no stockholder may alienate or otherwise dispose of said shares without first offering to sell them to petitioner or its designee; that should a stockholder die, only a surviving spouse may inherit said shares; that in the event the stockholder shall sell, assign or lose title to said shares, then it would be lawful for the petitioner to institute proceedings to remove the occupant of deniised premises; that the personal representative of the deceased, Estelle Binder, a party to these proceedings was duly served with process, but failed to answer and is now in default; that said personal representative has tendered the decedent’s shares to petitioner and demanded payment therefor in accordance with the agreement between petitioner and said decedent; that respondents Samkoff do not hold any of petitioner’s shares; and that respondents Samkoff as well as the administrator of *719 the estate received 30-day notices, a copy of which together with affidavits of service are attached to the petition herein. Said notice was in each instance mailed on August 28,1972, and called for the termination of the tenancy “ on or before September 29, 1972 ”, while the occupancy agreement between the petitioner and the deceased tenant of apartment 1G-, Estelle Binder, dated July 1, 1964, called for the commencement of the term from August 1,1964 and, the payment of the carrying charges, in equal monthly payments, in advance on the first day of each and every month.
The respondents Samkoff assert that from the very beginning, a landlord and tenant relationship existed and had been established between petitioner and Samkoff thereby entitling Samkoff to the statutory 30-day notice of landlord’s intention to terminate the tenancy, as provided for in section 232-a of the Beal Property Law. Samkoff further urges that notice which was received from petitioner was therefore improper and defective, and I quote them: “ The date of termination called for was not the date upon which the month to month would properly terminate.” The court cannot agree with respondents Samkoff in that a month to month tenancy was ever created between them and the petitioner, nor was one ever intended. That being the case, section 232-a of the Beal Property Law would not, therefore, apply, as to respondents Samkoff.
Whether or not said 30-day notice was sufficient to terminate the tenancy of the decedent’s estate is not an issue which is presently before the court.
The court finds that there are no triable issues of fact, nor valid defenses to the: allegations of the petitioner and therefore, grants petitioner’s motion.
This matter shall appear on the inquest calendar of this court for March 15,1973. Petitioner shall serve a copy of the order, with notice of entry upon the Clerk of the court, and upon all respondents?